**In the United States District Court
for the District of Kansas**

---

**United States of America**,
                    **Plaintiff-Respondent,**

**v.**

                              **Case No. 14-20130-03-JAR**

**Cornell Jones,**
                    **Defendant-Petitioner.**

---

## ORDER DISMISSING DEFENDANT CORNELL JONES' MOTION TO VACATE UNDER 28 U.S.C. § 2255

On January 19, 2021, this Court ordered petitioner Cornell Jones to show cause in writing on or before March 2, 2021, why his motion for relief pursuant to 28 U.S.C. § 2255 should not be dismissed for lack of a sufficient factual basis or evidence on which to proceed with his claim (Doc. 304).  Jones did not file a response and the time to do so has expired.  Accordingly, for the reasons set forth in detail in its Notice and Order to Show Cause, the Court summarily dismisses Jones' § 2255 motion for lack of any factual basis that would warrant relief from his conviction or sentence.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[1]  A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims

---

[1] 28 U.S.C. § 2253(c)(2).

debatable or wrong."[2]  For the reasons explained above, Jones has not made a substantial showing of a denial of a constitutional right and the Court therefore denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner Cornell Jones' Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 287) is **dismissed**.  Petitioner's Motion to Appoint Counsel (Doc. 272) is **denied as moot**.  Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: <u>March 15, 2021</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).